**ORAL ARGUMENT SCHEDULED FOR MARCH 6, 2023**

No. 22-1148

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

GPA MIDSTREAM ASSOCIATION and AMERICAN PETROLEUM
INSTITUTE,
*Petitioners*,

v.

UNITED STATES DEPARTMENT OF TRANSPORTATION and PIPELINE and
HAZARDOUS MATERIALS SAFETY ADMINISTRATION,
*Respondents*.

---

On Petition for Review of a Final Rule from the United States Department of
Transportation and Pipeline and Hazardous Materials Safety Administration

---

**SUPPLEMENTAL BRIEF OF PETITIONERS GPA MIDSTREAM
ASSOCIATION AND AMERICAN PETROLEUM INSTITUTE**

---

<div style="margin-left:40%">

Keith J. Coyle, Esquire
Christina Manfredi McKinley, Esquire
Babst, Calland, Clements & Zomnir, P.C.
505 9th Street, NW, Suite 602
Washington, DC 20004
(202) 853-3460
kcoyle@babstcalland.com
cmckinley@babstcalland.com
*Counsel for Petitioners GPA Midstream
Association and American Petroleum
Institute*

</div>

February 21, 2023

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... ii

GLOSSARY................................................................................................................ iii

STATUTES AND REGULATIONS.............................................................................1

ARGUMENT ...............................................................................................................2

CONCLUSION ............................................................................................................7

ADDENDUM A - D

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Avia Dynamics, Inc. v. FAA*, 641 F.3d 515 (D.C. Cir. 2011) ....................................6

*Chen v. INS*, 95 F.3d 801 (9th Cir. 1996) ..............................................................5

*Horsehead Res. Dev. Co. v. EPA*, 130 F.3d 1090 (D.C. Cir. 1997) ......................2, 7

*Lynch v. Jackson*, 853 F.3d 116 (4th Cir. 2017)........................................................3

*Menominee Indian Tribe v. United States*, 614 F.3d 519 (D.C. Cir. 2010)..............6

*Sebelius v. Auburn Regional Med. Center*, 568 U.S. 145 (2013).............................6

*United Techs. Corp. v. OSHA*, 836 F.2d 52 (2d Cir. 1987)......................................3

*Zhang v. Slattery*, 55 F.3d 732 (2nd Cir. 1995) ......................................................5

**Statutes**

49 U.S.C. § 60119 ............................................................................................ 2 - 7

49 U.S.C. § 60102 ...........................................................................................3, 5

49 U.S.C. § 60143 .................................................................................................3

**Regulations**

49 C.F.R. § 190.329 ..........................................................................................3, 4

49 C.F.R. § 190.335 ..........................................................................................3, 4

**Miscellaneous**

Respondents' Reply Regarding Order to Show Cause, *Interstate Natural
Gas Ass'n of Am. v. DOT*, No. 15-1161, ECF No. 1570697 (D.C. Cir. filed Aug.
31, 2015) .............................................................................................................4

# <u>GLOSSARY</u>

| | |
|---|---|
| Liquid Pipeline Rule | *Pipeline Safety: Safety of Hazardous Liquid Pipelines*, 84 Fed. Reg. 52,260 (Oct. 1, 2019) |
| Final Rule | *Pipeline Safety: Requirement of Valve Installation and Minimum Rupture Detection Standards*, 87 Fed. Reg. 20,940 (Apr. 8, 2022) |
| Petitioners | American Petroleum Institute and GPA Midstream Association |
| PHMSA | Pipeline and Hazardous Materials Safety Administration |
| Pipeline Safety Act | 49 U.S.C. §§ 60101, *et seq.* |
| Respondents | United States Department of Transportation and Pipeline and Hazardous Materials Safety Administration |

## <u>STATUTES AND REGULATIONS</u>

The pertinent statutes and regulations are contained in "Addendum A" to this supplemental brief.

## ARGUMENT

Petitioners submit this brief in response to the Court's February 14, 2023 order. *First*, a "regulation is prescribed" under 49 U.S.C. § 60119(a) when it is published in the *Federal Register*. *Second*, the 89-day deadline is not jurisdictional. Because the Petition was filed 84 days after the Final Rule published in the *Federal Register*, it was timely under Section 60119(a).

### A.  A Pipeline Safety Regulation is "Prescribed" on the *Federal Register* Publication Date.

This Court's default rule is that "promulgated" means "published" in the *Federal Register* when a statute authorizes judicial review of a regulation, unless the statute forecloses that result or the agency has adopted a different definition by regulation. *Horsehead Res. Dev. Co. v. EPA*, 130 F.3d 1090, 1093 (D.C. Cir. 1997). "Prescribed" should be given the same meaning as "promulgated" for purposes of the default rule because those terms are often used interchangeably in rulemaking statutes, including in judicial review provisions. The Second Circuit has held that the deadline in 49 U.S.C. § 32909, which mandates that persons "adversely affected" by a regulation must petition for review "not later than 59 days after the regulation is prescribed," begins to run when a rule is "publi[shed] in the Federal Register." *Natural Res. Def. Council v. NHTSA*, 894 F.3d. 95, 105-106 (2d Cir. 2018) (*NRDC*). That interpretation comports with "[t]he most natural meaning of the word 'prescribe,' as it is used within administrative law," and with the requirement that

petitioners be "adversely affected" by the regulation (which can only occur after publication in the *Federal Register*). *Id.* at 106. Section 60119(a) is worded in nearly identical terms, and the same rationale applies here.

The broader statutory and regulatory context reinforces that conclusion. The Pipeline Safety Act's rulemaking provisions repeatedly direct Respondents to "prescribe standards," *see*, 49 U.S.C. § 60102(a)(2), (b)(1)-(2), (c)(1)-(3), (d), (e), (f), (g), (h), (j)(2), and "promulgate final regulations," *see id.* §§ 60102(q), (t), 60143(b), suggesting that the two terms have the same meaning.[1] Respondents' rulemaking procedures point in the same direction, stating that a "regulation … is published in the Federal Register, unless all persons subject to it are named and are personally served with a copy of it," 49 C.F.R. § 190.329, and that a petition for reconsideration "must be received not later than 30 days after publication of the rule in the Federal Register," *id.* § 190.335(a). Because a timely filed petition for

---

[1] Section 60119(a)'s use of the contrasting terms "regulation prescribed" and "order issued" is also relevant. When Congress uses "different words in the [same] statute," those words generally "are assigned different meanings." *Lynch v. Jackson*, 853 F.3d 116, 121 (4th Cir. 2017) (citation omitted). Under that principle, "prescribed" and "issued" presumptively mean different things, with the former naturally referring to publication in the *Federal Register* and the latter to the date when the agency gives public notice of its action. *See, e.g.*, *United Techs. Corp. v. OSHA*, 836 F.2d 52, 53-54 (2d Cir. 1987) (interpreting "standard issued" and "standard … promulgated" differently in judicial-review provision and equating latter with publication in *Federal Register*).

reconsideration tolls the deadline for filing a petition for review,[2] the *Federal Register* publication requirement in § 190.329 and use of the *Federal Register* publication date in § 190.335(a) demonstrate that "prescribed" should be read the same way in Section 60119(a).

**B.    This Regulation Was Not "Prescribed" Before the Federal Register Publication Date.**

The unofficial version of the final rule (which is attached as Addendum B) shows that the Final Rule was not prescribed before the *Federal Register* publication date.  Respondents included a disclaimer on every page of that document, stating that "it is not the official version" and directing readers to "refer to the official version in forthcoming Federal Register publication."  Addendum B  The disclaimer also stated that "[a]fter publication in the Federal Register, this unofficial version will be removed from PHMSA's website and replaced with a link to the official version.  PHMSA will also post the official version in docket no. PHMSA-2013-0255." *Id.*

Respondents subsequently removed the unofficial version of the rule from their website and replaced it with the official version on the *Federal Register* publication date consistent with the disclaimer.  Respondents included only the

---

[2] *See* Respondents' Reply Regarding Order to Show Cause at 4, *Interstate Natural Gas Ass'n of Am. v. DOT*, No. 15-1161, ECF No. 1570697 (D.C. Cir. filed Aug. 31, 2015).

official version of the Final Rule as published in the *Federal Register* in the certified index to the administrative record, demonstrating that the unofficial version had no legal effect.  *See NRDC*, 894 F.3d at 106 ("a substantive regulation does not have legal effect … until it has been published in the Federal Register").

Nor did the unofficial version of the final rule contain an effective date.  It stated that the regulation would go into effect 180 days after publication in the *Federal Register* but did not specify an actual date.  *See* 49 U.S.C. § 60102(g) (effective date extending beyond the 30-day default period "must be specified in the regulation prescribing the standard").  A regulation cannot be "prescribed" under Section 60119(a) until an effective date is lawfully established.  *Zhang v. Slattery*, 55 F.3d 732, 749 (2nd Cir. 1995) (signed, but unpublished, version of rule lacking effective date not "binding on anyone"); *Chen v. INS*, 95 F.3d 801, 805 (9th Cir. 1996) (signed, but unpublished, version of rule lacking effective date "has no legal effect and is not binding").

Finally, Respondents did not treat the Liquid Pipeline Rule as prescribed before its publication in the *Federal Register*.  In January 2017, Respondents announced that a pre-publication version of that rule had been signed and transmitted to the Office of Federal Register for publication.  *See* Addendum C, Addendum D at D-101.  Ten days later, Respondents directed the Office of Federal Register to return that document for further consideration.  *See* Addendum D at D-101.  When the

Liquid Pipeline Rule was eventually published in the *Federal Register* in October 2019, it differed substantially from the January 2017 pre-publication version. (*See* PHMSA-2010-0229-0135).

### C. The 89-Day Deadline is Not Jurisdictional.

This Court has observed that "[f]iling deadlines, statutory or not, are generally nonjurisdictional," *Menominee Indian Tribe v. United States*, 614 F.3d 519, 523 (D.C. Cir. 2010), and has applied that principle in holding that a deadline for seeking judicial review of agency action is nonjurisdictional, *Avia Dynamics, Inc. v. FAA*, 641 F.3d 515, 519-20 (D.C. Cir. 2011). That understanding comports with the Supreme Court's "bright line" test, under which a requirement is jurisdictional only if it is "clearly state[d]" in such terms. *Sebelius v. Auburn Regional Med. Center*, 568 U.S. 145, 153 (2013); *see id.* at 154 ("we have repeatedly held that filing deadlines ordinarily are not jurisdictional").

The Second Circuit held in *NRDC* that an analogous deadline in 49 U.S.C. § 32909(b) is nonjurisdictional, *see* 894 F.3d. at 106-107, and that analysis applies with equal force here. Section 60119(a), like Section 32909(b), does not mention jurisdiction or otherwise indicate that the deadline governs the Court's power to act. Rather, the deadline is a "quintessential claim-processing rule[]." *Sebelius*, 568 U.S. at 154 (citation omitted).

The Second Circuit held in *NRDC* that equitable tolling would be appropriate if the deadline ran from the date that the regulation was available for public inspection at the Office of the Federal Register, rather than on the *Federal Register* publication date, because the court had previously held that the latter deadline controlled under a similar provision.  *See* 894 F.3d at 107.  If the Court were to conclude that the 89-day deadline in Section 60119(a) runs from an event that occurred before April 3, 2022, equitable tolling is warranted given Petitioners' reasonable reliance on the *Horsehead* default rule.

## <u>CONCLUSION</u>

The Petition was timely filed 84 days after the Final Rule published in the *Federal Register*.

Respectfully submitted,

*/s/ Keith J. Coyle*
Keith J. Coyle, Esquire
Christina Manfredi McKinley, Esquire
Babst, Calland, Clements & Zomnir, P.C.
505 9th Street, NW, Suite 602
Washington, DC 20004
(202) 853-3460
kcoyle@babstcalland.com
cmckinley@babstcalland.com
*Counsel for Petitioners GPA Midstream Association and American Petroleum Institute*

Dated February 21, 2023

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT</u>

1. This document complies with the type-volume limit of this Court's order dated February 14, 2023, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1300 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

*/s/ Keith J. Coyle*
Keith J. Coyle, Esquire
Babst, Calland, Clements & Zomnir, P.C.
505 9th Street, NW, Suite 602
Washington, DC 20004
(202) 853-3460
kcoyle@babstcalland.com
*Counsel for Petitioners GPA Midstream Association and American Petroleum Institute*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the foregoing "Supplemental Brief of Petitioners GPA Midstream Association and American Petroleum Institute," was electronically filed through this Court's CM/ECF system, which will send a notice of filing to the counsel registered to receive service through the Court's CM/ECF system via electronic filing.

*/s/ Keith J. Coyle*

Keith J. Coyle, Esquire
Babst, Calland, Clements & Zomnir, P.C.
505 9th Street, NW, Suite 602
Washington, DC 20004
(202) 853-3460
kcoyle@babstcalland.com
*Counsel for Petitioners GPA Midstream*
*Association and American Petroleum*
*Institute*

Dated: February 21, 2023